**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DONNELL WILLIAMS,

    Plaintiff,                               Civil Action No. 2:16-CV-14280
v.                                         HONORABLE ARTHUR J. TARNOW
                                                    UNITED STATES DISTRICT COURT

MICHIGAN DEPARTMENT OF
CORRECTIONS, et. Al.,

    Defendants,
_____/

**OPINION AND ORDER DISMISSING THE CASE WITHOUT PREJUDICE**

**I. Introduction**

The Court has before it Plaintiff Donnell Williams' *pro se* case, in which he appears to seek relief pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Muskegon Correctional Facility in Muskegon, Michigan. For the reasons stated below, the Court dismisses plaintiff's action without prejudice to him filing a properly filed complaint or complaints with respect to the constitutional violations that he alleges in his complaint.

**II. Background**

Plaintiff has filed one hundred and fifty six pages worth of grievances, appeals of the denial of those grievances, and letters to various wardens or grievance coordinators involving numerous alleged violations of his constitutional rights that took place while plaintiff was incarcerated at the Gus Harrison Facility

1

(ARF) in Adrian, Michigan, the Baraga Correctional Facility (AMF) in Baraga, Michigan, the Brooks Correctional Facility (LRF) in Muskegon Heights, Michigan, or the Muskegon Correctional Facility (MCF) in Muskegon, Michigan.[1] With the exception of the Gus Harrison Facility, the other prison facilities are all located in the Western District of Michigan.  Although plaintiff claims in his certificate of service that he wishes to file a § 1983 action, he has not filed an actual complaint, nor does he indicate whether he seeks injunctive or monetary relief.  Plaintiff has also failed to submit an application to proceed *in forma pauperis*, nor has he paid the $ 350.00 filing fee, plus the $ 50.00 administrative fee.  Plaintiff also failed to provide copies of his documents for service upon the named defendants.

### III.  Discussion

Plaintiff's action is subject to dismissal for several reasons.

First, plaintiff has failed to file an actual complaint in this case. Fed.R.Civ.P. 3 indicates clearly that: "A civil action is commenced by filing a complaint with the court."  A plaintiff must raise his or her claims in a complaint and this Court cannot grant relief until a complaint is actually filed which asserts a substantive claim that supports the relief the plaintiff seeks. *See e.g. Smith v.*

---

[1] The numerous documents that plaintiff submitted only refer to the prisons by their acronyms.  The Court learned the names of the actual prisons that correspond to these acronyms through the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

*Thompson*, 638 F. Supp. 2d 754, 756–57 (E.D. Ky. 2009).

Secondly, assuming that plaintiff's documents could be construed as a complaint, such a complaint would be subject to dismissal, because plaintiff has failed to comply with the pleading requirements of Fed. R.Civ. P. 8. Fed.R.Civ.P. 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule seeks "to avoid technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Chase v. Northwest Airlines Corp.*, 49 F. Supp. 2d 553, 563 (E.D. Mich.1999)(*quoting* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1215). Similarly, Rule 8(e)(1) requires that "Each averment of a pleading shall be simple, concise, and direct." To the extent that plaintiff's lengthy and voluminous documents could be construed as a complaint, it is subject to dismissal for failing to comply with the dictates of Fed. R. Civ. P. 8 (a). *See Echols v. Voisine*, 506 F. Supp. 15, 17-19 (E.D. Mich. 1981), *aff'd*, 701 F.2d 176 (6th Cir. 1982)(Table); *See also Payne v. Secretary of Treas.*, 73 F. App'x. 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed.R.Civ.P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her.").

A third reason for dismissal of the action is that plaintiff appears to be attempting to join together unrelated causes of action and defendants from four

different prisons, only one of which is even located in the Eastern District of Michigan. [2] Plaintiff's attempt to join together a number of unrelated claims and defendants into one action would thwart the purpose of the Prison Litigation Reform Act (PLRA), which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz,* 361 F. 3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. See 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F. 3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding *in forma pauperis*, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich,* 148 F. 3d 596, 603 (6th Cir. 1998).

The Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision. *See Patton v.*

---

[2] It is unclear whether venue would even be proper in this district for those alleged constitutional violations that occurred at the three prisons located in the Western District of Michigan. Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b).

4

*Jefferson Correctional Center*, 136 F. 3d 458, 464 (5th Cir. 1998).

"In light of the PLRA provisions ... to continue the practice of allowing joinder of claims which are not in compliance with Rule 18 and Rule 20 [of the Federal Rules of Civil Procedure] would be to defeat, or at least greatly dilute, the clear intent of the fee payment and three-strikes provisions of the statute." *Walls v. Scott*, 1998 WL 574903, * 3 (N.D.Tex. Aug. 28, 1998). Other courts have reached similar conclusions. *See Brown v. Blaine,* 185 F. App'x. 166, 168-69 (3rd Cir. 2006)(allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Shephard v. Edwards,* 2001 WL 1681145, * 1 (S.D. Ohio August 30, 2001)(declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly,* 107 F. Supp. 2d 706, 711 (E.D. Va. 2000)(denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule); *Cf. Proctor v. Applegate,* 661 F. Supp. 2d 743, 777 (E.D. Mich. 2009)(refusing to allow the joinder in a single multi-plaintiff complaint of a variety of claims, because "[E]ach separate claim by each plaintiff will require a particularized analysis regarding statute of limitations, exhaustion of

administrative remedies, and on the substance."). *Harris v. Spellman,* 150 F.R.D. 130, 131-32 (N.D. Ill. 1993)(Permissive joinder was not available with respect to two inmates' pre-PLRA § 1983 claims which not only involved different occurrences, but also raised different issues of law; allegedly similar procedural errors do not convert independent prison disciplinary hearings into same "series" of transactions or occurrences for purposes of permissive joinder).

A fourth reason the Court dismisses the case is that plaintiff has failed to filed an application to proceed *in forma pauperis*, nor has he paid the $ 350.00 filing fee and the $ 50.00 administrative fee.

The PLRA states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he or she files an affidavit of indigency and a certified copy of the trust fund account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court normally must

6

notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

In the present case, the action is subject to dismissal because plaintiff has not filed an application to proceed *in forma pauperis* nor has he paid the filing fee.

Plaintiff's complaint is also subject to dismissal because plaintiff has failed to provide the requisite copies of his documents for service upon the named defendants. An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

If a *pro se* plaintiff's action contained only one or two of these deficiencies, the Court would normally show cause the plaintiff and give him or her time to correct these deficiencies. In light of the number of the deficiencies in this case,

as well as the fact that it is unclear whether plaintiff could even maintain an action for some of these claims in this district, the Court will dismiss the action without prejudice.

Accordingly, the Court DISMISSES WITHOUT PREJUDICE that action filed by plaintiff. The dismissal is without prejudice to plaintiff filing the proper complaint or complaints in the appropriate district court or courts.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: January 24, 2017

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 24, 2017, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant