UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELL WILLIAMS,

    Plaintiff,      Civil Action No. 2:16-CV-14280
v.      HONORABLE ARTHUR J. TARNOW
    UNITED STATES DISTRICT COURT
MICHIGAN DEPARTMENT OF
CORRECTIONS, et. Al.,

    Defendants,
_____/

## **OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION**

Plaintiff Donnell Williams filed a *pro se* case, in which he appeared to seek relief pursuant to 42 U.S.C. § 1983. The Court summarily dismissed the case without prejudice to plaintiff filing a proper complaint or complaints against the proper defendants. *Williams v. Michigan Dep't of Corr.*, No. 2:16-CV-14280, 2017 WL 345683 (E.D. Mich. Jan. 24, 2017).

Plaintiff has filed a motion for reconsideration. For the reasons that follow, the motion for reconsideration is DENIED.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004);

1

*Hence v. Smith,* 49 F. Supp. 2d 547, 550-51 (E.D. Mich. 1999 (*citing* L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

Plaintiff first argues that this Court erred in summarily dismissing his complaint based on plaintiff's failure to exhaust his administrative remedies. The Court did not dismiss the complaint on that basis. Plaintiff, in fact, is not required to plead or prove exhaustion of his administrative remedies in his initial complaint and this Court did not and does not screen prisoner complaints for exhaustion. *See Jones v. Bock*, 549 U.S. 199 (2007).

Plaintiff further notes that this Court summarily dismissed his complaint because he failed to file an application to proceed *in forma pauperis*, nor did he paid the $ 350.00 filing fee and the $ 50.00 administrative fee. Subsequent to the dismissal, plaintiff filed an application to proceed *in forma pauperis* [Dkt. # 6] as well as an affidavit in which he appears to argue he never received the initial order of deficiency directing him to either submit this application or pay the filing fee. [Dkt. # 7]. Plaintiff appears to suggest that this Court erred in dismissing the case on that basis.

Even if this Court were to grant plaintiff an extension of time to cure this deficiency, plaintiff would not be able to maintain this action for the reasons stated by the Court in its initial dismissal order. In addition to the filing fee

2

deficiency, this Court also summarily dismissed the case because: (1) plaintiff failed to file an actual complaint in this case, choosing instead to file one hundred and fifty six pages worth of grievances, appeals of the denial of these grievances, and other letters to wardens or grievance coordinators, (2) the filings failed to comply with Fed.R.Civ.P. 8(a)(2)'s requirement that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief," (3) plaintiff appeared to be joining unrelated claims and defendants from different prisons, and (4) plaintiff failed to provide sufficient copies of the complaint for service on all of the defendants. Plaintiff does not allege that this Court erred in dismissing the case for these reasons, nor has he attempted to correct any of these additional deficiencies with the case. Accordingly, plaintiff is not entitled to reconsideration because he failed to show this Court erred in dismissing his case without prejudice.

Accordingly, the motion for reconsideration [Dkt. # 4] Is DENIED.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: August 16, 2017

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 16, 2017, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant